**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**JEFFERY R. CARDINE**                                                                         **PETITIONER**

*v.*                                                                          **CIVIL ACTION NO. 3:05CV-P339-S**

**JAMES L. MORGAN, WARDEN**                                             **RESPONDENT**

**MEMORANDUM AND ORDER**

Petitioner Jeffery R. Cardine filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (DN 1). He also filed an application to proceed without prepayment of fees. (DN 3). Because Petitioner paid the requisite $5.00 filing fee, the application to proceed without prepayment of fees is **DENIED**. The petition is currently before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Although the Court concludes that the petition is untimely, it will nonetheless allow Petitioner to file a response hereto before dismissing the action.

**I.**

According to the petition, Petitioner was convicted on three counts of robbery and sentenced to 40 years' imprisonment following a jury trial in the Jefferson Circuit Court in July 1980. The Kentucky Supreme Court affirmed the conviction on November 24, 1981. There is no allegation that Petitioner filed a petition for writ of certiorari with the United States Supreme Court.

Thereafter, per the habeas petition, on September 18, 2000, Petitioner filed a joint Rule 11.42/60.02 motion in the Jefferson Circuit Court, which he appealed to the Kentucky Supreme Court. While Petitioner fails to disclose either the disposition or the date of disposition by the Kentucky Supreme Court, Petitioner does reference a case number. That case number, 2002-SC-0099-DG, led this Court to a published opinion issued by the Kentucky Supreme Court on April

24, 2003. *See Cardine v. Commonwealth of Kentucky*, 102 S.W.3d 927 (Ky. 2003). Therein, the Kentucky Supreme Court granted Petitioner's motion for discretionary review of the Kentucky Court of Appeals' denial of his joint Rule 11.42/60.02 motion and remanded the action to the Court of Appeals for further consideration. *Id.* Review of the subsequently issued opinion by the Kentucky Court of Appeals, *see Cardine v. Commonwealth of Kentucky*, No. 2001-CA-000369-MR, 2003 WL 22220096 (Ky. Ct. App. Sept. 26, 2003), reveals that Petitioner filed two prior Rule 11.42 motions in Jefferson Circuit Court in addition to the joint Rule 11.42/60.02 motion mentioned in his habeas petition. The first Rule 11.42 motion was filed in the Jefferson Circuit Court in August 1984, and denied on November 2, 1984. No appeal was filed. The Court of Appeals decision fails to provide the date on which Petitioner filed the second Rule 11.42 motion, but the decision advises that the motion was denied on March 24, 1987. There is no indication whether an appeal of that decision was filed. Finally, Petitioner filed the instant § 2254 petition on June 1, 2005.[1]

## II.

Because the petition for writ of habeas corpus was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the provisions of that Act apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA establishes a one-year statute of limitations "for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d); *Griffin v. Rogers*, 308 F.3d 647, 651 (6th Cir. 2002). Because Petitioner's conviction became final prior to the passage of the AEDPA on April

---

[1] "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)). Absent evidence to the contrary, the Court presumes that Petitioner deposited his petition for mailing on June 1, 2005, the date he signed the petition.

24, 1996, "he had a one-year grace period, lasting until April 24, 1997, in which to file his habeas petition." *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003) (citing *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir.), *cert. denied*, 537 U.S. 1091 (2002)). "The one-year period of limitations is tolled by the amount of time that 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending' in state court." *Jurado v. Burt*, 337 F.3d at 640 (quoting 28 U.S.C. § 2244(d)(2)).

In the instant case, neither the instant § 2254 petition nor any state post-conviction motions were filed or pending during the one-year grace period from April 24, 1996, to April 24, 1997. Thus, the petition is untimely under the statute, and Petitioner does not allege any circumstances appropriate for applying the doctrine of equitable tolling. *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001). Before dismissing the action as time barred, however, the Court will provide Petitioner with "notice and an adequate opportunity to be heard." *Scott v. Collins*, 286 F.3d 923, 930 (6th Cir. 2002).

### III.

**WHEREFORE, IT IS ORDERED** that within **thirty (30) days** from entry of this Order, Petitioner must show cause why the § 2254 petition for writ of habeas corpus should not be dismissed as barred by the applicable one-year statute of limitations. Failure to respond within the time allotted **will result in dismissal** of the action for the reasons set forth herein.

Date:

cc:     Petitioner
4411.005